KM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gurpartap Singh Bhatti, | No.   CV-26-03230-PHX-MTL (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| Markwayne Mullin, et al., | |
| Respondents. | |

Petitioner, through counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) challenging his immigration detention.  The Court will dismiss without prejudice the Petition and this action.

Petitioner is a citizen of India who entered the United States in 2023.  On January 14, 2026, an immigration judge ordered Petitioner removed but granted him withholding of removal.  (*Id.* at 6.)  Petitioner states he has now been confined more than 90 days since the final removal order, in violation of 8 U.S.C. § 1231(a)(3).

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final.  Detention during this removal period is mandatory.  8 U.S.C. § 1231(a)(2).  If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary.  8 U.S.C. § 1231(a)(6).  That discretion is not unfettered, and indefinite detention is not permitted.  *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6)

"does not permit indefinite detention."). However, not every detainee like Petitioner must be released once the 90-day removal period has expired. *Id.* at 701. The Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* This "presumptively reasonable" period extends for no more than six months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

Petitioner has been detained more than 90 days since his final order of removal, but he has not been detained more than six months since that order. Accordingly, Petitioner's detention is still "presumptively reasonable." The Court will therefore deny without prejudice the Petition and dismiss this action.

**IT IS ORDERED:**

(1)    Petitioner's § 2241 Petition (Doc. 1) and this action are **dismissed without prejudice**.

(2)    The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 11th day of May, 2026.

Michael T. Liburdi
United States District Judge

- 2 -